ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PUGLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>FULGENT GENETICS, INC., et al.,<br><br>                    Defendants. | Case No. 2:22-cv-06764-CAS-KS<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:     December 19, 2022<br>TIME:     10:00 a.m.<br>CTRM:   8D<br>JUDGE:  Hon. Christina A. Snyder |

4880-7119-9039.v1

## I.  INTRODUCTION

This securities class action lawsuit was filed on September 20, 2022 on behalf of purchasers or acquirers of Fulgent Genetics, Inc. ("Fulgent" or the "Company") securities between March 22, 2019 and August 4, 2022, both dates inclusive (the "Class Period").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the Court to appoint "the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Daniel M. Parisi should be appointed lead plaintiff because he filed a timely motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Parisi's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.  FACTUAL BACKGROUND

Fulgent provides COVID-19, molecular diagnostic, and genetic testing services to physicians and patients.  As part of its business, Fulgent must comply with the federal Anti-Kickback Statute, which prohibits the knowing and willful payment of "remuneration" to induce or reward patient referrals or the generation of business involving any item or service payable by the federal health care programs, as well as the federal Stark Law, which prohibits a physician from making referrals for certain designated health services, including laboratory services, that are covered by the Medicare program, to an entity with which the physician or an immediate family member has a direct or indirect financial relationship.

The complaint alleges that defendants failed to disclose that Fulgent had been conducting medically unnecessary laboratory testing, engaging in improper billing

- 1 -

4880-7119-9039.v1

practices in relation to laboratory testing, and providing or receiving remuneration in violation of the Anti-Kickback Statute and Stark Law. Accordingly, Fulgent was likely to become subject to enhanced legal and regulatory scrutiny, the Company's revenues, to the extent they were derived from the foregoing unlawful conduct, were unsustainable, and once revealed, the foregoing information was likely to subject Fulgent to significant financial and/or reputational harm. ECF 1 at ¶3.

On August 4, 2022, Fulgent released its second quarter 2022 financial results, disclosing, among other things, that the U.S. Securities and Exchange Commission was conducting an investigation into certain of Fulgent's reports filed with the SEC from 2018 through the first quarter of 2020. *Id.* at ¶4. The disclosure followed Fulgent's receipt of a civil investigative demand issued by the U.S. Department of Justice "related to its investigation of allegations of medically unnecessary laboratory testing, improper billing for laboratory testing, and remuneration received or provided in violation of the Anti-Kickback Statute and the Stark Law." *Id.*

On this news, Fulgent stock fell by more than 17%, damaging investors. *Id.* at ¶5.

## III.   ARGUMENT

### A.   Mr. Parisi Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead

- 2 -

plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Mr. Parisi meets these requirements and should therefore be appointed lead plaintiff.

### 1. This Motion Is Timely

The September 20, 2022 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court for appointment as lead plaintiff within 60 days, or by November 19, 2022. *See* Declaration of Juan Carlos Sanchez in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Sanchez Decl."), Ex. A. November 19 was a Saturday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is November 21, 2022. Accordingly, Mr. Parisi's motion was filed by the statutory deadline and is therefore timely.

### 2. Mr. Parisi Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Parisi purchased 8,000 shares of Fulgent securities and suffered losses of over $207,189. *See* Sanchez Decl., Exs. B, C. To the best of Mr. Parisi's knowledge, there are no other plaintiffs who have a larger financial interest. Therefore, Mr. Parisi satisfies the PSLRA's prerequisite of having the largest financial interest.

- 3 -

4880-7119-9039.v1

### 3. Mr. Parisi Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'" *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted) (alteration in original).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Here, Mr. Parisi purchased Fulgent securities during the Class Period at prices that were allegedly artificially inflated by defendants' false and misleading representations, and sustained substantial monetary damages as a result. "The typicality requirement thus appears to be satisfied because [Mr. Parisi]'s claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Id.* at *6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id.* Here, Mr. Parisi suffered a significant loss on his investment in Fulgent securities, and is motivated to diligently pursue the putative class's claims.

- 4 -

4880-7119-9039.v1

*See* Sanchez Decl., Exs. B, C.  Further, Mr. Parisi has also amply demonstrated his adequacy by submitting a Declaration affirming his ability and willingness to prosecute this case on behalf of the putative class.  *See* Sanchez Decl., Ex. D. Finally, Mr. Parisi has selected qualified counsel to represent him and the putative class.  *See* §III.B., *infra*.  As such, the Court should find that the adequacy requirement has been met.

Accordingly, Mr. Parisi satisfies the Rule 23 requirements for the purposes of this motion.

### B.    The Court Should Approve Mr. Parisi's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Parisi has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1]

District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Karinski v. Stamps.com, Inc.,* No. 2:19-cv-01828-R-SK, ECF 62 (C.D. Cal. June 5, 2019) (appointing Robbins Geller as sole lead counsel and recognizing that the Firm was "competent and qualified"); *In re Hot Topic, Inc. Sec.*

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

*Litig.*, 2014 WL 12462472, at \*5 (C.D. Cal. Nov. 3, 2014) (finding that Robbins Geller was "qualified and competent" and noting that "[o]ther courts have stated that the firm . . . 'is comprised of probably the most prominent securities class action attorneys in the county'") (citation omitted).

Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2] And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, including a February 2019 trial in this District, *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based on these qualifications, Mr. Parisi's selection of Robbins Geller as Lead Counsel pursuant to the PSLRA should be approved.

---

[2]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 6 -

4880-7119-9039.v1

## IV.   CONCLUSION

Mr. Parisi has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Parisi respectfully requests that the Court grant his motion for appointment as lead plaintiff and approval of his selection of counsel.

DATED:  November 21, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ

s/ Juan Carlos Sanchez
JUAN CARLOS SANCHEZ

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
isanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed
Lead Plaintiff

- 7 -

4880-7119-9039.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 21, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

> s/ Juan Carlos Sanchez
> JUAN CARLOS SANCHEZ
>
> ROBBINS GELLER RUDMAN
>     & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101-8498
> Telephone:  619/231-1058
> 619/231-7423 (fax)
>
> Email:  jsanchez@rgrdlaw.com

4880-7119-9039.v1

# Mailing Information for a Case 2:22-cv-06764-CAS-KS John Pugley v. Fulgent Genetics, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Lucas E Gilmore**
  lucasg@hbsslaw.com,sf_filings@hbsslaw.com,nicolleh@hbsslaw.com

- **Adam B Korn**
  abkorn@mintz.com,docketing@mintz.com,sestrickland@mintz.com,amschuman@mintz.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Sean T Prosser**
  stprosser@mintz.com,docketing@mintz.com,lmbroadway@mintz.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)