POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Rama Kommineni*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PUGLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FULGENT GENETICS, INC., MING HSIEH, and PAUL KIM,<br><br>Defendants. | Case No. 2:22-cv-06764-CAS-KS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RAMA KOMMINENI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL<br><br>DATE:  December 19, 2022<br>TIME:  10:00 a.m.<br>JUDGE:  Christina A. Snyder<br>CTRM:  8D (1st Street Courthouse) |

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................1

II.     STATEMENT OF FACTS .........................................................................2

III.    ARGUMENT ..............................................................................................4

    A.      KOMMINENI SHOULD BE APPOINTED LEAD PLAINTIFF............4

        1.      Kommineni Is Willing to Serve as Class Representative...................5

        2.      Kommineni Has the "Largest Financial Interest" ..............................5

        3.      Kommineni Otherwise Satisfies the Requirements of Rule 23 of
            the Federal Rules of Civil Procedure ....................................................7

        4.      Kommineni Will Fairly and Adequately Represent the Interests
            of the Class and Is Not Subject to Unique Defenses ........................ 10

    B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
        APPROVED .................................................................................................10

IV.    CONCLUSION ..........................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..................................................................................................9

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) ........................................................................................8

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) ................................................................................8, 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) ......................................................................................................................6

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)..............................................................................8

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997) ...........................................................................8

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) .........................................................................7

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996)............................................................................7

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)........................................6

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ......................................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................7

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ..................................................................6

*Lax v. First Merch. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .......................................6

*Nicolow v. Hewlett Packard Co.*,
  Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876 (N.D. Cal.
  Mar. 4, 2013).......................................................................................................6

*Osher v. Guess?, Inc.*,
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...................................10

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986)...........................................................................9

**Statutes**

15 U.S.C. § 78u-4.............................................................1, 4, 5, 6, 7, 9, 10

**Rules**

Fed. R. Civ. P. 23 ......................................................................1, 4, 7, 8, 9

Movant Rama Kommineni ("Kommineni") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Kommineni as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Fulgent Genetics, Inc. ("Fulgent" or the "Company") securities between March 22, 2019 and August 4, 2022, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class in the above-captioned action (the "Action").

## I.    PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Kommineni, with losses of approximately $157,137 in connection with his purchases of Fulgent securities, has the largest financial interest in the relief sought in the Action to his knowledge.  *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.  Kommineni further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because he is an

adequate representative with claims typical of the other Class members. Accordingly, Kommineni respectfully submits that he should be appointed Lead Plaintiff.

## II.    STATEMENT OF FACTS

Fulgent, together with its subsidiaries, provides COVID-19, molecular diagnostic, and genetic testing services to physicians and patients in the United States and internationally. As a result, Fulgent must comply with the federal Anti-Kickback Statute, which prohibits the knowing and willful payment of "remuneration" to induce or reward patient referrals or the generation of business involving any item or service payable by the Federal health care programs, as well as the federal Stark Law, which prohibits a physician from making referrals for certain designated health services, including laboratory services, that are covered by the Medicare program, to an entity with which the physician or an immediate family member has a direct or indirect financial relationship.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Fulgent had been conducting medically unnecessary laboratory testing, engaging in improper billing practices in relation to laboratory testing, and providing or receiving remuneration in violation of the Anti-Kickback Statute and Stark Law; (ii) accordingly, Fulgent was likely to become subject to enhanced legal and regulatory

scrutiny; (iii) Fulgent's revenues, to the extent they were derived from the foregoing unlawful conduct, were unsustainable; (iv) the foregoing, once revealed, was likely to subject the Company to significant financial and/or reputational harm; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On August 4, 2022, Fulgent released its second quarter 2022 financial results, disclosing, among other items, that the SEC was conducting an investigation into certain of the Company's reports filed with the SEC from 2018 through the first quarter of 2020. The disclosure followed the Company's receipt of a civil investigative demand issued by the U.S. Department of Justice "related to its investigation of allegations of medically unnecessary laboratory testing, improper billing for laboratory testing, and remuneration received or provided in violation of the Anti-Kickback Statute and the Stark Law."

On this news, Fulgent's stock price fell $11.02 per share, or 17.29%, over the following two trading sessions, to close at $52.72 per share on August 8, 2022.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   KOMMINENI SHOULD BE APPOINTED LEAD PLAINTIFF

Kommineni should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Kommineni satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Kommineni Is Willing to Serve as Class Representative

On September 20, 2022, counsel for plaintiff in the Action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Fulgent securities that they had until November 21, 2022—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Pafiti Decl., Ex. B.

Kommineni has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Accordingly, Kommineni satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Kommineni Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Kommineni believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the factors

articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*7-\*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1]  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at \*18 (N.D. Cal. Mar. 4, 2013) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at \*10-\*11 (N.D. Cal. Jan. 9, 2012) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18-\*19.

During the Class Period, Kommineni (1) purchased 9,100 shares of Fulgent securities; (2) expended $673,049 on his purchases of Fulgent securities; (3) retained 4,100 of his shares of Fulgent securities; and (4) as a result of the disclosure of the fraud,

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

suffered a loss of $157,137 in connection with his Class Period purchases of Fulgent securities. *See* Pafiti Decl., Ex. A. Because Kommineni possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Kommineni Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v.*

*Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of Kommineni are typical of those of the Class. Kommineni alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Fulgent, or omitted to state material facts necessary to make the statements they did make not misleading. Kommineni, as did all members of the Class, purchased Fulgent securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those

misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Kommineni is an adequate representative for the Class.  There is no antagonism between the interests of Kommineni and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.  Moreover, Kommineni has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Kommineni likewise has demonstrated his adequacy because he has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of lead plaintiffs pursuant to the PSLRA, his

decision to seek appointment as lead plaintiff, and the steps that he is prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D.

### 4. Kommineni Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Kommineni as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of Kommineni to fairly and adequately represent the Class has been discussed above.  Kommineni is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Kommineni has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. E. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.* More recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, Kommineni's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Kommineni, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Kommineni respectfully requests that the Court issue an Order: (1) appointing Kommineni as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  November 21, 2022

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Rama Kommineni and*
*Proposed Lead Counsel for the Class*

THE SCHALL FIRM
Brian Schall
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com

*Additional Counsel for Rama Kommineni*

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti